# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 02: 09-cr-00336 |
| | ) | |
| ALBERT LEROY ERVIN | ) | |

## MEMORANDUM ORDER

Pending before the Court is the MOTION TO REVOKE DETENTION ORDER filed on behalf of Defendant, Albert Leroy Ervin (Document No. 25), and the RESPONSE IN OPPOSITION filed by the government (Document No. 28). The Court has reviewed a transcript of the detention hearing on December 21, 2009, conducted before United States Magistrate Judge Amy Reynolds Hay. For the reasons that follow, the Motion is **DENIED.**

### Facts and Procedural History

On December 16, 2009, a federal grand jury returned a three-count Indictment against Defendant in which he was charged in Count 1 with Robbery of a United States Postal Station, on or about October 9, 2008, in violation of 18 U.S.C. § 214(a); in Count 2 with Possession of a Firearm by a Convicted Felon, on or about October 9, 2008, through on or about April 23, 2009, in violation of 18 U.S.C. § 922(g)(1); and in Count 3 with Illegal Possession of a Firearm, on or about October 9, 2008, through on or about April 23, 2009, in violation of 18 U.S.C. § 922(g)(8) (Document No. 1). Defendant made his initial appearance on December 18, 2009, at which time the government requested that Defendant be temporary detained without bond pending hearing pursuant to the Bail Reform Act, 18 U.S.C. §§ 3141, *et. seq.* (Document Nos. 6 and 9). A detention hearing was scheduled for December 21, 2009.

As scheduled, an arraignment and detention hearing was held on December 21, 2009, before United States Magistrate Judge Amy Reynolds Hay. The Defendant was present and

represented by counsel at the detention hearing. At the hearing, counsel for the government presented evidence and proffers of evidence including, but not limited to, information which pertained to the Defendant's history and the circumstances of his arrest on this charge. In particular, the government presented evidence that on October 9, 2008, Defendant committed an armed robbery of the Langeloth Post Office, while he was serving a sentence of 365 days home confinement, which included electronic home monitoring, for a conviction of driving under DUI suspension. The uncontested evidence presented during the detention hearing also reflected that Defendant's house arrest ankle bracelet was removed from his body approximately one hour before the robbery took place and then put back on his body approximately one-half hour after the robbery was concluded.

The government also presented evidence that thirteen (13) previous bench warrants have been issued for Defendant due to his failure to appear in Court, two of which remained active warrants. Defendant has a past criminal history which includes multiple charges and pleas to driving under suspension - DUI related, two felony convictions, and had an active PFA (for breaking his girlfriend's nose and leaving her on the side of the road unconscious) which was finalized on August 31, 2007.

At the conclusion of the hearing, the magistrate judge granted the government's motion and ordered that Defendant be detained pending further disposition of this matter. (Document No. 15).

Defendant has filed the instant motion in which he requests that the Court revoke the Order of Detention and order his release on bond. According to Defendant, "[t]he primary reason for detention was numerous bench warrants that were issued for Mr. Ervin's failure to

attend hearings on traffic and driving offenses.  Each of those was resolved by Mr. Ervin's appearance and apology for missing the scheduled dates . . . ." Mot. at ¶ 3.  Additionally, Defendant states that "[t]he Pretrial Agency recommended release on conditions." *Id.* at ¶ 5.

### Standard of Review

When a district court acts on a motion to revoke a pretrial detention order issued by a magistrate judge, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release. *United States v. Kelker,* 757 F.2d 1390, 1394 (3d Cir. 1985).

In conducting a *de novo* review, the district court may rely on the evidence presented before the magistrate judge.  Though not required to do so, the reviewing court may, in its discretion, choose to hold an evidentiary hearing if necessary or desirable to aid in the determination.   However, a *de novo* review does not require a *de novo* evidentiary hearing. *See United States v. Chagra,* 850 F. Supp. 354, 357 (W. D. Pa. 1994) (noting that the court may incorporate the records of the proceedings and the exhibits before the magistrate judge).

The legal standards which govern review of a magistrate judge's decision regarding pretrial detention were summarized as follows:

> This court exercises de novo review over the detention order entered by the magistrate judge.  *See United States v. Delker,* 757 F.2d 1390, 1393-95 (3d Cir. 1985).  The magistrate judge's decision and reasoning is to be given careful consideration where a transcript of the detention hearing is available, id., even though the standard of review removes any obligation to accord deference to the magistrate judge's findings and decision.  See *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990).  This court may make its independent determination based solely upon the evidence introduced at the prior hearing.  *Delker,* 757 F.2d at 1395; *Koenig,* 912 F.2d at 1193 ("Clearly, the district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not

exist."); *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991) (district court may base its findings on transcript of the hearings before the magistrate judge). Of course, it may also consider any additional evidence or proffers submitted in conjunction with any supplemental proceedings.

*United States v. Farris,* No. 08-cr-145, 2008 WL 1994131 (W.D. Pa., May 1, 2008).

## Discussion

Pretrial detention of a criminal defendant will be ordered only if, after a hearing upon motion by the government, a "judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e); *United States v. Lemos,* 876 F. Supp. 58, 59 (D.N.J. 1995). The facts the court relies upon to support a finding that there is no condition or combination of conditions that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community must be supported by clear and convincing evidence. The government bears the burden of showing by clear and convincing evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. *See* 18 U.S.C. § 3142(f) ("The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence"); *see also United States v. Suppa,* 799 F.2d 115, 119 (3d Cir. 1986) (even in rebuttable presumption cases, the burden of persuasion always remains with the government).

Section 3142(c)(1)(B) of the Bail Reform Act sets forth a nonexclusive list of conditions that a court may impose upon granting a defendant's motion for pretrial release. If no

4

sufficient condition or combination of conditions exists, however, the court may order that a defendant be detained without bail pending trial. 18 U.S.C. § 3142(e). Section 3142(e)(1) of the Bail Reform Act provides, in pertinent part:

> If, after a hearing pursuant to the provisions of subsection (f), ... the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial.

18 U.S.C. § 3142(e)(1).

The determination of whether any conditions of release can reasonably assure the appearance of the defendant in court and the safety of others is based on the following four factors:

> (1) the nature and circumstances of the offense charged;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person;[1] and
>
> (4) the nature and seriousness of the danger to any person or the community that would

be posed by the defendant's release.

18 U.S.C. § 3142(g); *United States v. Traitz*, 807 F.2d 322, 324 (3d Cir. 1986).

---

[1] The sub-factors relevant to the consideration of a defendant's characteristics and history include: (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law . . . . 18 U.S.C. § 3124(g)(3).

Applying the factors of section 3142(g) to the instant case, the Court concludes that no condition or combination of conditions would reasonably assure the appearance of Defendant in court and/or the safety of any other person and the community if Defendant were to be released.

First, in the instant Indictment, Defendant has been charged with the serious crimes of robbery and being a felon in possession of a firearm and ammunition. If convicted, Defendant faces a term of imprisonment of not more than ten (10) years. A preliminary calculation of Defendant's sentencing guideline range upon conviction is 97- 121 months imprisonment. However, if it is determined that Defendant has three previous convictions for a violent felony or a serious drug offense, or both, then pursuant to Title 18, United States Code, section 924(e), the term of imprisonment is not less than fifteen (15) years to a maximum of life imprisonment. This information is relevant to the first factor set forth in § 3142(g).

Second, according to the government, an inmate came forward and told postal inspectors that his cousin, Albert Leroy Ervin, asked him to drive Ervin to Langeloth to buy crack, but Ervin instead robbed the post office. The inmate's information was corroborated by phone records; Ervin's house arrest records (which indicated that Ervin had removed his house arrest bracelet before the robbery and put it back on after the robbery); and recovery of the gun from Ervin's uncle's house, where the inmate said it could be found. Additionally, ammunition for the gun was located in Ervin's house on April 23, 2009. This information is relevant to the second factor set forth in § 3142(g).

Third, there is no dispute that there have been thirteen (13) bench warrants issued as a result of Defendant's failure to appear at various court hearings, two of which were outstanding at the time of Defendant's detention hearing. Defendant now contends that these two outstanding

warrants have been resolved. However, the government maintains that <u>three</u> outstanding warrants remain active for Defendant's arrest. Furthermore, the evidence adduced at the detention hearing indicates that on the day of the robbery, Defendant was serving a sentence of 365 days home confinement, which included electronic home monitoring. Further, the evidence indicated that on the day of the robbery Defendant took off his ankle bracelet approximately one hour prior to the robbery and replaced it back on his ankle approximately thirty minutes after the robbery. This information is relevant to the third factor set forth in § 3142(g).

  Finally, as to the fourth factor - the nature and seriousness of the danger to any person or the community - various courts have commented on the substantial risks created when felons possess firearms, *to wit:* *United States v. Doe*, 960 F.2d 221, 225 (1st Cir. 1992) ("legislators, when enacting the felon-in-possession statute, repeatedly referred to the danger that a gun, in the hands of a previously convicted felon, poses for the public."); *United States v. Chappelle*, 51 F. Supp. 2d 703, 704 (E.D. Va. 1999) ("the history of the firearm laws reveals the strong congressional conviction that an armed felon poses a substantial threat to all members of society."); *United States v. Sloan*, 820 F. Supp. 1133, 1138 (S.D. Ind. 1993) ("felons in possession of firearms are a threat to the safety of society.); *United States v. Phillips*, 732 F. Supp. 255, 263 (D. Mass. 1990) ("Congress prohibited the possession of firearms by felons because it believes that possession of a firearm is particularly dangerous when it is by a convicted felon."); *United States v. Jones*, 651 F. Supp. 1309, 1310 (E.D. Mich. 1987) ("The illegal possession of a firearm is frequently a continuing act, so such risk that it entails is a continuing risk.")

Based upon the foregoing, the Court finds that, applying the factors of section 3142(g) to the instant case, no condition or combination of conditions would reasonably assure the appearance of Defendant and the safety of the community if Defendant were released.

**Conclusion**

After a *de novo* review of the record, and for the reasons set forth herein, the Motion to Revoke Detention Order is denied. This Memorandum Order constitutes the Court's detention order pursuant to 18 U.S.C. § 3142(i) setting forth written findings of fact and a written statement of reasons for the detention. The Court finds that the government has shown by clear and convincing evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of any other person and the community.

The Court directs with regard to Defendant's detention that Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the Defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

So **ORDERED** this 19th day of August, 2010.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Ross E. Lenhardt,
Assistant U.S. Attorney
Email: Ross.Lenhardt@usdoj.gov

W. Penn Hackney
Assistant Federal Public Defender
Email: penn_hackney@fd.org