# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **2:09-cr-0336** |
| **v.** | ) | |
| | ) | |
| **ALBERT LEROY ERVIN** | ) | |

## MEMORANDUM ORDER

Presently before the Court for disposition is the MOTION TO DISMISS THE INDICTMENT ON JURISDICTIONAL GROUNDS WITH BRIEF IN SUPPORT THEREOF (Document No. 34) and the government's response thereto (Document No. 38).

Defendant argues that the felon-in-possession statute, 18 U.S.C. § 922(g)(1), is unconstitutional, based upon his interpretation of three United States Supreme Court decisions, *Jones v. United States*, 529 U.S. 848 (2000), *United States v. Morrison*, 529 U.S. 598 (2000), and *United States v. Lopez*, 514 U.S. 549 (1995).

In *Lopez*, the United States Supreme Court found that a separate provision of § 922, which prohibited firearm possession in a school zone, was unconstitutional as the regulated activity was neither economic nor contained a requirement that the possession be connected to interstate commerce. Id. at 549. In light of *Lopez*, the Court of Appeals for the Third Circuit considered the constitutionality of § 922(g) in its current form in *United States v. Gateward*, 84 F.3d 670 (3d Cir.), *cert. denied*, 519 U.S. 907 (1996). In *Gateward*, our appellate court held that § 922(g) is a proper exercise of Congressional power so long as it is proven that at some point before the defendant's possession, the firearm has traveled in interstate or foreign commerce. Gateward, 84 F.3d at 671-72.

1

The scope of Congressional interstate commerce power was refined again by the Supreme Court, subsequent to *Gateward*, in *United States v. Morrison*, 529 U.S. 598 (2000) (holding that activity that is non-economic and requires multiple inferences to connect the activity to interstate commerce cannot be criminalized by Congress, even when Congressional findings support the proffered connection) and in *Jones v. United States*, 529 U.S. 848 (2000) (ruling that absent clear Congressional intent, there is a presumption against interpreting a federal criminal statute to encompass activity that is traditionally considered with the exclusive domain of state law).

In the wake of these rulings, the Court of Appeals for the Third Circuit reconsidered the validity of § 922(g) in *United States v. Singletary*, 268 F.3d 196 (3d Cir. 2001), *cert. denied*, 535 U.S. 976 (2002). Once again, the appellate court affirmed the validity of § 922(g) because the statute contains a jurisdictional element, which requires that the firearm at issue once traveled in interstate commerce. Yet another attempt to challenge § 922(g) followed, and the Third Circuit affirmed the holding in *Singletary* in *United States v. Coward*, 296 F.3d 176 (3d Cir. 2002).

Furthermore, the appellate court has also held that evidence that firearms were manufactured outside Pennsylvania provides the requisite nexus to, and proof that, the firearms traveled in interstate commerce. *See, e.g., United States v. Leuschen*, 395 F.3d 155 (3d Cir. 2005); *United States v. Shambry*, 392 F.3d 631, 633 (3d Cir. 2004), *cert. denied*, 544 U.S. 1006 (2005).

As such, the Court finds and rules that the legitimacy of § 922(g) has been well established. Accordingly, Defendant's argument that § 922(g) is unconstitutional is without merit and the Motion is **DENIED**.

So **ORDERED** this 8th day of November, 2010.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Ross E. Lenhardt,
Assistant U.S. Attorney
Email: Ross.lenhardt@usdoj.gov

W. Penn Hackney,
Senior Litigation Counsel
Federal Public Defender's Office
Email: penn_hackney@fd.org